**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDI ZUPKO,<br><br>      Plaintiff,<br><br>      v.<br><br>COUNTY OF OCEAN *et al.*,<br><br>      Defendants. | Civil Action No. 22-05872 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on a Motion for Summary Judgment filed by Defendants County of Ocean (the "County"), Scott Waters ("Waters"), and Robert Greitz ("Greitz") (collectively, "Defendants").[1] (ECF No. 5.) Plaintiff Randi Zupko ("Plaintiff") opposed (ECF No. 7), and Defendants replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is granted.

**I. BACKGROUND**

  This case arises out of Plaintiff Randi Zupko's employment with the County's Road Department. (Compl. ¶¶ 10-11, ECF No. 1.) The Complaint alleges as follows.

---

[1] Defendants characterize their motion as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendants, however, filed this Motion in lieu of an Answer, the parties have not conducted discovery, and Defendants' arguments rely on facts outside of the pleadings. Thus, the Court construes this motion as a Motion to Dismiss and does not rely on matters outside of the pleadings. *See, e.g., Callan v. Ocean Cnty. Dep't of Corr.*, No. 21-8450, 2022 WL 901528, at *1 n.1 (D.N.J. Mar. 28, 2022).

### A.     Allegations of Sexual Harassment

Since August 2004, when Plaintiff was first hired by the County, Defendant Waters was a general supervisor in the Road Department. (*Id.* ¶ 15.) According to Plaintiff, Waters engaged in sexually flirtatious actions towards her. (*Id.* ¶ 16.) In 2014, Waters asked Plaintiff to fix his collar for him. (*Id.* ¶ 17.) In 2015, Waters purchased Plaintiff a pair of pink boots and sent Plaintiff a text message asking her to send him a picture of Plaintiff wearing the boots and nothing else. (*Id.* ¶¶ 19, 21.) In 2016, Waters attempted to kiss Plaintiff at a work conference in Atlantic City, New Jersey. (*Id.* ¶¶ 25-31.) Thereafter, despite her rejection of his advances, Plaintiff alleges Waters continued to sexually harass her. (*Id.* ¶¶ 38-51.)

In January 2019, Waters became Director of Roads and Bridges for the County and, during his tenure, continued to sexually harass Plaintiff. (*Id.* ¶¶ 52-53.) In February 2020, Waters hugged and kissed Plaintiff without her consent. (*Id.* ¶¶ 54-55.) At an unspecified date thereafter, Plaintiff disclosed Waters' sexual harassment to a co-worker in a different department in the County, Michelle Henry ("Henry"). (*Id.* ¶¶ 59, 61.) On or around September 17, 2020, Henry reported Plaintiff's sexual harassment claim to the assistant County administrator. (*Id.* ¶ 62.) As a result of Henry's report, Greitz, Director of Employee Relations for the County, scheduled a meeting with Plaintiff later that month, on or around September 21, 2020. (*Id.* ¶¶ 4, 65-67.)

### B.     Allegations of Whistleblowing of Time Reporting Issues

On or around September 25, 2020, Plaintiff reported to Greitz her concerns that employees in the Road Department were asking staff in the office to unlawfully punch in or out for them. (*Id.* ¶¶ 73, 75-76.) On the same day, Waters held a meeting with two other County employees to discuss the issues raised by Plaintiff. (*Id.* ¶ 77.) During the meeting, Waters discussed "getting rid of" Plaintiff and another employee made negative comments about Plaintiff. (*Id.* ¶¶ 77, 81, 83.)

2

Plaintiff reported the meeting to the County investigator, but no investigation was conducted. (*Id.* ¶¶ 84, 86.)

### C.     Allegations of Retaliatory Conduct and Whistleblowing Regarding Purchase Orders for Scuba Diving Materials

On or about November 25, 2020, Plaintiff was advised that the investigation of her sexual harassment claim against Waters revealed "no violation." (*Id.* ¶ 91.) Subsequent to Plaintiff's reporting of the sexual harassment and the timecard issues, Plaintiff alleges that she was retaliated against by Defendants through a series of harassing instances. (*Id.* ¶¶ 92, 105.) On or about January 25, 2021, Plaintiff was transferred to the Bridge Department. (Compl. ¶ 96.) Plaintiff also alleges she has not received a promotion since 2014 and that Defendants have eliminated much of her job duties and responsibilities as a supervisor. (*Id.* ¶¶ 144-45.)

On or about July 19, 2022, Plaintiff contacted the Ocean County Prosecutor's Office to report unlawful County purchase orders for scuba training and certifications for County employees, including Waters. (*Id.* ¶¶ 118-34.) On or about August 23, 2022, Plaintiff alleges that her account for an internal financial program was disabled "per . . . Waters request". (*Id.* ¶¶ 136-38.) Plaintiff also asserts she overheard Waters making defamatory statements about her during a telephone call on or about August 24, 2022. (*Id.* ¶¶ 140-43.)

### D.     Procedural History

On October 4, 2022, Plaintiff commenced this action in federal court, asserting nine causes of action under: the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5−12 *et seq.* (the "NJLAD") (Counts I-III); the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6–2(c) (the "NJCRA") (Count IV); 42 U.S.C. § 1983 (Counts V and VI); the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. §§ 34:19–1 *et seq.* (the "CEPA") (Counts VII and VIII); and for defamation (Count IX). (Compl.)

3

In lieu of an answer to the Complaint, Defendants filed the instant Motion for Summary Judgment. (Defs.' Moving Br., ECF No. 5.) The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) with respect to Plaintiff's federal § 1983 claims (Counts V and VI) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to Plaintiff's remaining state law claims (Counts I-IV, VII-IX).

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

4

presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

#### A. Federal Claims Under 42 U.S.C. § 1983

Plaintiff asserts Defendants' sexual harassment, retaliation, and other wrongful actions constituted a violation of her civil rights under 42 U.S.C. § 1983 (Counts V and VI). Even construing the facts and drawing all reasonable inferences in Plaintiff's favor, the Court finds that the Complaint fails to plead facts sufficient to sustain her claims under § 1983. Therefore, the Court need not look beyond the pleadings to dismiss both of Plaintiff's § 1983 claims. *See, e.g., Fletcher v. Gateway Grp. One*, No. 20-3413, 2021 WL 2651254, at *10 (D.N.J. June 28, 2021). The Court addresses each of Plaintiff's § 1983 claims in turn.

##### 1. *Statute of Limitations*

As a preliminary issue, the Court first addresses Defendants' arguments that certain injuries alleged by Plaintiff are time-barred from forming the basis of her § 1983 claims. (Defs.' Moving Br. 4-6.)

The applicable statute of limitations for § 1983 claims is identical to the forum state's limitation period for personal injury actions which, in New Jersey, is two years. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989); *see Cowell v. Palmer Township*, 263 F.3d 286, 291 (3d Cir. 2001). The accrual date for a § 1983 claim, however, is based on federal law. *See Sosa v. County of Hudson*, No. 20-777, 2020 WL 5798761, at *3-4 (D.N.J. Sept. 28, 2020).

Here, the Complaint was filed on October 4, 2022. Thus, the two-year statute of limitations for § 1983 claims in New Jersey bars claims based on injuries predating October 4, 2020. Yet, the

Complaint contains allegations dating from 2004 through 2022. (*See, e.g.*, Compl. ¶¶ 16-18, 19-21, 23-31, 35, 54-56, 86, 92, 105, 139-43, 144-46.)

Plaintiff seeks to avoid the statute of limitations bar by invoking the continuing violation doctrine. She argues that, because Defendants continuously violated her rights in ways that injured her on an ongoing basis, the two-year statute of limitations should be tolled. (Pl.'s Opp'n Br. 8-13.) The continuing violation doctrine is an "equitable exception to the timely filing requirement." *Cowell*, 263 F.3d at 292. To establish whether an act is continuous for the doctrine to apply, the Court considers "(1) whether the violations are part of the same subject matter and (2) whether the violations occurred frequently." *Cibula v. Fox*, 570 F. App'x 129, 135-36 (3d Cir. 2014) (citing *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-67 (3d Cir. 2013)).

Here, the Court finds that Plaintiff has failed to adequately allege that Defendants' conduct consisted of "more than . . . isolated or sporadic acts." *Id.* (citing *West v. Phila. Elec. Co.*, 45 F.3d 744, 755 (3d Cir. 1995)). The Complaint alleges only a handful of specific incidents of sexual harassment in each year from 2014 to 2016. (*See, e.g.*, Compl. ¶¶ 17, 19-21, 23-31, 35, 39-41.) The next and final incident of sexual harassment alleged in the Complaint was in 2020. (*Id.* ¶¶ 54-56.) In addition, the allegations of misconduct from 2020 to 2022 are not part of the same subject matter as the sexual harassment alleged prior to 2020. The alleged incidents from 2020 to 2022, for example, relate to retaliation and defamation, and thus, are not the same type of discrimination. (*See, e.g., id.* ¶¶ 105, 108, 109, 133, 136-38, 139-43, 144-46.)

The Court, therefore, finds that any injuries alleged by Plaintiff prior to October 4, 2020, two years before the Complaint was filed, are time-barred and cannot form the basis for her claims under § 1983.

### 2. *Action Against Individual Defendants Under 42 U.S.C. § 1983 (Count V)*

Defendants contend that Plaintiff's claim under § 1983 against the individual defendants should be dismissed because the Complaint fails to plead the required elements under the statute. (Defs.' Moving Br. 18.)

While plaintiffs may not bring § 1983 claims seeking damages against states or state employees in their official capacities, they may do so against state employees in their individual capacities. *Callan v. Ocean County Dep't. Of Corr.*, No. 21-8450, 2022 WL 901528, at *4 (D.N.J. March 28, 2022) (citing *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991)). Section 1983 allows an individual to sue a "person" who, acting "under color of any statute [or] ordinance . . . of any State," violates that individual's Constitutional rights. 42 U.S.C. § 1983; *Callan*, 2022 WL 901528, at *4. Section 1983 does not, by itself, confer any substantive rights. It only serves to enforce rights granted under the Constitution or federal law. *Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 646-47 (D.N.J. 2005).

To state a cognizable claim under § 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citing *Kneipp v. Teder*, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff is required to adequately allege two elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privilege secured by the Constitution or the laws of the United States" and (2) that the plaintiff was deprived of her rights by a person acting under the color of state law. *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 464 (3d Cir. 1989).

The initial question here is whether Plaintiff has alleged the deprivation of a constitutional right. *See Donahue v. Gavin*, 280 F.3d 371, 378 (3d Cir. 2002). The specific constitutional right alleged establishes what the controlling substantive law will be. *Ingliema v. Town of Hampton*,

No. 05-3497, 2007 WL 980414, at *2 (D.N.J. Mar. 28, 2007). When no specific constitutional right is alleged, the defendant lacks the requisite notice needed to properly defend against the claims asserted. *Id.* Failure to identify a right, privilege or immunity secured by the Constitution that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted. *Id.* (citations and internal quotations omitted).

Applying these principles to Plaintiff's Complaint, it is clear that Plaintiff fails to identify any particular right under the Constitution or federal statute. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.") Instead, Plaintiff alleges that Defendants "are liable for the deprivation of Plaintiff's federally protected rights" and that Defendants have deprived Plaintiff "of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States." (Compl. ¶¶ 159, 165).[3] Such pleading is insufficient to sustain a § 1983 claim. *See Ingliema*, 2007 WL 980414, at *2 (citation and internal quotations omitted) ("It is important to note that § 1983 provides a remedy for deprivations of specific constitutional rights, not generalized allegations of constitutional deprivations.")

Plaintiff's opposition brief appears to assert that Plaintiff's equal protection rights under the Fourteenth Amendment were violated due to Defendants' alleged sexual harassment and sex discrimination in public employment. (*See* Pl.'s Opp'n Br. 31-32.)[4] The words "equal protection" or "Fourteenth Amendment," however, do not appear anywhere in the Complaint. Similarly, it

---

[3] Count V of the Complaint is composed of merely one paragraph stating: "Plaintiff hereby incorporates in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein." (Compl. ¶ 163.)

[4] Claims of sexual discrimination are cognizable under the equal protection clause of the Fourteenth Amendment. *Reed v. Reed*, 404 U.S. 71, 92 (1971).

appears that Plaintiff may also be asserting a First Amendment retaliation claim. (*Id.*)[5] Again, the Complaint fails to allege with any specificity a violation of the First Amendment or a liberty right under § 1983. Because the Court cannot determine what particular right or privilege Plaintiff has been deprived of, it cannot analyze the adequacy of the pleadings. *Igliema*, 2007 WL 980414, at *3. Count V is therefore dismissed for failure to state a claim.

### 3. *Action Against the County Under 42 U.S.C. § 1983 (Count VI)*

Defendants also argue that Plaintiff's *Monell* claim should be dismissed for failure to state a claim because the County has an anti-harassment and discrimination policy and provides periodic training on such a policy. (Defs.' Moving Br. 23-27.)

It is well settled law that a municipality may not be held liable under § 1983 for the misconduct of its employees under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). For a government entity to be liable for unconstitutional conduct, the injury alleged must result from the execution of a government policy or custom. *Id.* at 694-95. Such a policy or custom may be made by "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* Thus, a government entity can be liable for constitutional injuries only when they result from the implementation or execution of an official policy, regulation, or decision adopted by it or informally adopted by custom. *McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009). "This creates a 'two-track path' to municipal liability whereby a plaintiff may establish that his or her injury resulted from either an officially adopted policy or an informally adopted custom." *Henderson v. Matthews*, 556 F. Supp. 3d. 531, 534-35 (E.D. Pa. 2020) (citing *McTernan*, 564 F.3d at 657-58.)

---

[5] A public employee who believes her employer has retaliated against her for exercising her First Amendment rights may bring a retaliation claim pursuant to 42 U.S.C. § 1983. *Fogarty v. Boles*, 121 F.3d 886, 888 (3d Cir. 1997).

9

The Supreme Court defined a municipal policy as a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Monell*, 436 U.S. at 690. Alternatively, "[a] course of conduct is considered to be a 'custom' when such practices of state officials are so permanent and well settled as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations and internal quotations omitted). In the case of a custom, liability is premised on the municipal decisionmaker's failure to address pervasive unconstitutional conduct despite having knowledge of its existence. *See McTernan*, 564 F.3d at 658. In either case, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy, or, through acquiescence, for the custom." *Id.* "Negligence on the part of state officials is not enough to impute liability under § 1983." *Swift v. McKeesport Hous. Auth.*, No. 08-275, 2009 WL 3856304, at *8 (W.D. Pa. Nov. 17, 2009) (citing *Daniels v. Williams*, 474 U.S. 327, 327 (1986)). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Here, Plaintiff's claim for municipal liability under § 1983 is set forth in Count VI of the Complaint. Plaintiff seeks to connect the conduct of Defendants Waters and Greitz to the County with conclusory allegations that the County has "policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Ocean." (Compl. ¶ 168.) Plaintiff argues that the misconduct by individual Defendants Waters and Greitz is the consequence of the "policy and/or custom of [the County] to inadequately and improperly supervise and train its employees and to inadequately and improperly investigate complaints made by employees." (*Id.* ¶ 169.) Specifically, Plaintiff alleges that individual Defendants Waters and Greitz "believed that their actions would not be properly monitored by supervisory personnel and that misconduct in connection with employment matters would not be investigated or sanctioned

but – would be tolerated." (*Id.* ¶ 170.) Further, Plaintiff alleges she did not receive any harassment and/or discrimination training during her employment with the County until 2021. (*Id.* ¶¶ 60, 101-03, 149.)

The Complaint does not specify whether Plaintiff's injuries resulted from an official County policy or an informally adopted custom. The Court finds, however, that Plaintiff has failed to connect either a policy or a custom to a County policymaker or to show prior notice through a pattern of similar unconstitutional conduct. *See Wood v. Williams*, 568 F. App'x 100, 105-06 (3d Cir. 2014). Such pleading is necessary "to satisfy the rigorous standards of culpability and causation" required for municipal liability. *Id.* at 104. Plaintiff attempts to plead a pattern of unconstitutional conduct by alleging that the County has been the subject of prior lawsuits involving sexual harassment and that the County failed to provide training to all of its employees. (Compl. ¶¶ 147-48.) The Court cannot accept such conclusory assertions in the absence of supporting factual allegations. *See, e,g., Henderson*, 556 F. Supp. 3d at 535. Further, Plaintiff has failed to identify any County policymaker or decisionmaker whose decisions may give rise to municipal liability under § 1983. *See, e.g., Pembaur*, 475 U.S. at 480. The Third Circuit has held that "neither [an unconstitutional municipal policy or custom] could be established absent conscious decisionmaking or acquiescence in a longstanding custom or practice on the part of a policymaker." *Simmons v. Philadelphia*, 947 F.2d 1042, 1064 (3d Cir. 1991) (citing *Andrews*, 895 F.2d at 1469). Count VI is therefore dismissed for failure to state a claim.

  B.  **Supplemental State Law Claims**

Plaintiff's remaining claims are brought under state law, which the Court has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367. Specifically, Plaintiff asserts that Defendants are liable for sexual harassment, retaliatory harassment, and reprisal under the NJLAD, the NJCRA,

and CEPA (Counts I-IV, VII and VIII). She also asserts a state-law claim for defamation (Count IX).

Where "the district court has dismissed all claims over which it has original jurisdiction," the district court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). "The decision to retain or decline jurisdiction over state-law claims is discretionary." *Kach*, 589 F.3d at 650. The Third Circuit Court of Appeals has held that when determining whether to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). If the federal claims are disposed of prior to trial, the non-federal claims should likewise be dismissed. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also Madin v. Morris County*, No. 22-436, 2022 WL 16922346, at *3 (D.N.J. Nov. 14, 2022). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the Court finds that no judicial economy or convenience concerns favor exercising supplemental jurisdiction over Plaintiff's state law claims. Having dismissed Plaintiff's federal claims under § 1983 (Counts V and VI), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts I-IV, VII-IX). *See* 28 U.S.C. § 1367(c)(3).[6]

---

[6] Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court need not address Defendants' remaining arguments in support of their motion with respect to the state law claims.

IV.     **CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment, construed as a motion to dismiss, is granted. Plaintiff's claims under § 1983 and Plaintiff's state law claims are dismissed without prejudice. To the extent that Plaintiff believes she can plead additional facts to cure the deficiencies in her Complaint, Plaintiff is granted leave to file an amended complaint within 30 days from the date of the accompanying Order. An appropriate Order consistent with this Memorandum Opinion will follow.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**